LUALEMANA and LEASIOLAGI of Asu, Leasina County,
American Samoa, Appellants

v.

MAGALEI, MAIAVA, MALUFAU, MUASAU, MAEA, TUIAANA,
SI'UFANUA, MOEA'I, FILO, MUA'AVA, TAUAUVE'A, TA'I,
NU'U, MAU'AVA and others, all and each of them represent their
respective family in the village of Faleniu, Tualauta County,
American Samoa, Appellees

No. 7-1962

High Court of American Samoa

Civil Jurisdiction, Appellate Division

February 28, 1962

Aumoeualogo, counsel for Lualemana and Leasiolagi.
Lolo, counsel for Magalei et al.

MORROW, *Chief Justice.*

This is an appeal from a judgment of the Trial Division ordering the appellants Lualemana and Leasiolagi (defendants in the Trial Division) to "vacate any parts of the lands Tafeata, Vaitai, and Leaveave occupied by them, or either of them, within 20 days from the date of" the order, which was January 16, 1962.

Hereinafter we shall refer to the appellants Lualemana and Leasiolagi as the defendants and the appellees as the plaintiffs, they having been such respectively in the trial court.

The plaintiffs instituted an action against the defendants on September 13, 1961 seeking an order evicting the defendants from the lands Tafeata, Vaitai, and Leaveave. The evidence showed that the part of the land Tafeata involved together with the lands Vaitai and Leaveave lies to the right of the highway (it was built by the U.S. Marines during World War II) going from Faleniu to Aoloau Fou. Hereinafter when we refer to the land Tafeata, we mean the part of Tafeata to the right of said highway.

■ Section 213 of Chapter 5 (Judiciary and Judicial Procedure) of Amendments, Nos. 11–59, 1952 to the A. S. Code provides that "The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from or reviewed and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that court *unless clearly erroneous* (emphasis ours). . . ."

The trial court found, in accordance with the testimony of the plaintiffs, that the land Tafeata was cleared from the bush in 1922 by the chiefs and young men of the Village of Faleniu and that it was divided up among the chiefs after the clearing, the part which each chief got by the division and his occupation becoming the communal land of his family in accordance with his claim of the ownership thereof.

And the trial court further found from the evidence that the lands Vaitai and Leaveave were cleared from the bush by the Faleniu people in 1928 and that after the clearing, these lands, like Tafeata, were divided up among the chiefs of Faleniu, the part which each chief got by the division and his occupation becoming the communal land of his family in accordance with his claim of the ownership thereof. The Court further found that any possible claim which the defendants may have had to the land involved was extinguished by adverse possession by the plaintiffs for 20 years. Section 907(2) of the A. S. Code provides that the "Statutory period governing the acquisition of title by adverse possession shall be 20 years."

While there was some conflict in the evidence, an examination of the record in the trial court convinces us that not only the weight of evidence but the great weight of

the evidence was in favor of the plaintiffs. Under these circumstances, we cannot say that the findings of fact made by the trial court were "clearly erroneous" so as to permit us under Section 213, above quoted, to set aside the findings of the trial court and grant a new trial.

At the trial, the defendants claimed that these three lands were first cleared by the Lualemana people from the bush in 1946. However, Lualemana did not get around to putting in any plantations on Tafeata and Vaitai until 1960, which was 14 years later. And Leasiolagi, a member of the Lualemana Family, did not get around to putting in any plantations on Leaveave until 1951, which was 15 years after, as he testified, it was first cleared from the bush.

It is very, very difficult for us to believe that a Samoan would clear land from the virgin bush and then wait 14 or 15 years to put in a plantation on it. On the other hand, the evidence showed that the plaintiffs had cleared the land involved in 1922 and 1928 and had had plantations on it for many years prior to 1946. Furthermore, defendant Lualemana in the case of *Filo of Faleniu v. Faoliu Lualemana*, No. 43-1961, (an interrelated proceeding, the record of which the trial court quite properly took judicial notice) testified that Tafeata was first cleared from the bush in 1918, whereas Leasiolagi, his co-defendant in this case, testified it was first cleared from the bush in 1946. Lualemana also testified in the interrelated case that he filed a war damage claim on Tafeata using the name Tuiapolima. This turned out to be false testimony. That the trial court could properly take judicial notice of the record in the interrelated proceeding is clear. 31 C.J.S. 625. And "An appellate court will take judicial notice of any matter of which the court of original jurisdiction may take notice." 20 Am.Jur. 55.

■ The editors of Corpus Juris Secundum say this:

"Under the maxim falsus in uno, falsus in omnibus, as strictly interpreted, if a witness testifies falsely as to any one material part of his testimony, it should be discarded as a whole, and cannot be relied on for any purpose whatsoever, unless corroborated." 98 C.J.S. 344.

It is claimed by counsel for the defendants that in Samoa there is no such thing as village communal land. And that may be true. However, the claim if it is correct, has no application to the instant case, as the Court found that the lands involved after the clearings by the Faleniu people were divided up among the Faleniu chiefs, the various chiefs concerned getting separate pieces. While the chiefs and their young men acted together in clearing the land, yet each chief owned his own part separately after the division.

■ The chiefs could properly join in this action since there were common questions of law and fact affecting their several (separate) rights, although their various properties are severally owned.

■ Paragraph (a) of Rule 23 of the Federal Rules of Civil Procedure provides that:

"*Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure adequate representation for all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is (3) several, and there is a common question of law or fact affecting their several rights and a common relief is sought."

■ Section 251 of the A. S. Code as amended provides that:

"In the High Court and the District Courts, the civil practice shall conform, as closely as practicable, to the practice provided for in the Federal Rules of Civil Procedure."

853

We think under Paragraph (a) of Rule 23, above quoted, that the other chiefs could properly join and also represent Savea. There were common questions of law and fact affecting several rights, and a common relief was sought, viz., the eviction of the defendants from the land involved.

■ Counsel for the defendants says in his argument that, "Savea is not mentioned in the petition submitted by the Faleniu people." That is true, but counsel has overlooked the "and others" in the title of the case, which, we think, covers Savea, since his interest in getting the defendants off the land involved was identical with the interests of the chiefs named. And that Savea did have an interest along with the interests of the other Faleniu chiefs is very clear from the evidence before the trial court.

Siufanua testified that it was Savea, a Faleniu chief, who gave the Government permission to establish the prison farm on Vaitai. There was other testimony, as we have indicated, to the effect that the land involved was cleared from the bush by the chiefs and young men of the Village of Faleniu and that after it was cleared it was divided up among the chiefs of the village. The testimony for the plaintiffs was not to the effect that it was cleared and divided up among the chiefs of Faleniu, Savea excepted.

The Savea has been in Honolulu for a long time. A member of the Savea Family "acting on behalf of his father Savea Aupiu and the Savea Family in Faleniu" filed a petition on August 28, 1961 (16 days before this case was filed) in the Trial Division stating that "the land known as Vaitai and Tafeata" is "located within the jurisdiction area of Faleniu Village, County of Tualauta, American Samoa," and praying for an order evicting Lualemana and Leasiolagi. The petition was sworn to before the Clerk of the High Court and the statement

means nothing else than that these two lands belonged to Faleniu chiefs, of which Savea is one, and not to the defendants. The August 28, 1961 case is an interrelated proceeding, and we may properly take judicial notice of the petition. See quotation from 31 C.J.S. 625 and 20 Am.Jur. 55, supra.

It is also argued on appeal, since Savea is in Hawaii and did not sign the original petition to evict the defendants, that there should be a new trial. The fact is that Savea was represented in the original case by the Faleniu chiefs, who did sign the petition. The case is entitled "Magalei, Maiava, Malufau, Muasau, Maea, Tuiaana, Si'ufanua, Moea'i, Filo, Mua'ava, Tauauve'a, Ta'i, Nu'u, Mau'ava *and others* (emphasis ours), all and each of them represent their respective family in the Village of Faleniu, Tualauta County, American Samoa, Plaintiffs v. Lualemana and Leasiolagi of Asu, Leasina County, American Samoa." Savea is properly included in the "others," he and the named chiefs having the same interests and being similarly situated.

Furthermore, the first paragraph of the petition alleges "That the Plaintiffs are the matais of the Village Council of Faleniu, County of Tualauta, American Samoa."

Savea is a title attached to the Village of Faleniu and its holder is entitled to sit in the Village Council; and, as we have indicated, the many Faleniu chiefs who did sign the petition could represent him under Rule 23 as above quoted. And the very fact that Siufanua, one of the plaintiffs (Faleniu chiefs), testified that it was Savea who gave permission to the Government to use a part of Vaitai as a prison farm indicates that the Faleniu chiefs who did sign the petition along with Siufanua were looking out after the interests of the Savea and representing him. Also, the testimony for the plaintiffs was that the chiefs of Faleniu and their young men cleared the land involved

855

from the bush. The testimony was for the benefit of Savea as well as the other chiefs of Faleniu. He was represented.

On appeal it is claimed that the trial court erred in concluding that Leaveave is in Tualauta County and not Leasina County. The simple fact is that the map of Tutuila shows clearly that Leaveave as well as the remainder of the land involved in this case, viz., Tafeata and Vaitai, is in Tualauta County. We suppose that the claim is made upon the theory that Lualemana is the high title in Leasina County and that, therefore, this title has jurisdiction over Leaveave. However, the claim, regardless of what theory may be behind it, has no foundation in fact, because the truth is that the map clearly shows that all the land involved in this case is in Tualauta County, in which county is the Village of Faleniu.

It was also argued for the defendants that there might be future disputes between the various Faleniu chiefs as to the boundaries of their respective lands and, therefore, this case should be retried. What the future holds on this matter, the Court does, of course, not know. However, it is sufficient to say that whether such disputes do or do not arise between the true owners in the future does not give the defendants a right to occupy land that is not theirs.

It is further claimed by the defendants on appeal that all the members of the Savea Family are also members of the Lualemana Family, and that all members of the Lualemana Family are members of the Savea Family. It is sufficient to say that there was no such evidence in the case. There was evidence that two or three Lualemana people through intermarriage had connections with the Savea and the Malufau Families in Faleniu. However that may be, the fact is that the defendants are claiming that their occupancy rests upon the ownership of the land by the Lualemana title and not upon any claim that the Lualemana Family members are also members of the Savea

856

Family. There is no connection between the Savea title and the Lualemana title. Since when a Samoan child is born, it is a member of its father's family and also its mother's family, and since the custom in Samoa is against the intermarriage of relatives, it follows that after a few generations a child when born is a member of many families. And it is no doubt true that some few members of the Lualemana Family in Asu are also members of the Savea Family in Faleniu, and that a few members of the Savea Family in Faleniu are also members of the Lualemana Family in Asu. However, we repeat that there was no evidence to the effect that *all* members of the Savea Family are members of the Lualemana Family and *all* members of the Lualemana Family are members of the Savea Family. We also repeat that, as counsel for the defendants told the Court on appeal, *there is no connection between the Lualemana title of Asu and the Savea title of Faleniu* (emphasis added). And we repeat, too, that the defendants are claiming a right of occupancy not on membership in the Savea Family but *upon a claim of ownership of the land by Lualemana* (emphasis added).

The findings of fact by the trial court are well supported by the evidence before it. No finding of fact was clearly erroneous so as to require a reversal of the judgment and the granting of a new trial. See the quotation from Section 213, Chapter 5 (Judiciary and Judicial Procedure) of Amendments, Nos. 11–59, 1952, supra, permitting us to set aside a finding of fact only when it appears to be "clearly erroneous."

It is our conclusion that the judgment rendered by the trial court is correct and that it should be affirmed.

## ORDER

ACCORDINGLY, IT IS ORDERED that the judgment of the Trial Division in the case of *Magalei, Maiava,*

*Malufau, Muasau, Maea, Tuiaana, Si'ufanua, Moea'i, Filo, Mua'ava, Tauauve'a, Ta'i, Nu'u, Mau'ava and others, all and each of them represent their respective family in the Village of Faleniu, Tualauta County, American Samoa, Plaintiffs v. Lualemana and Leasiolagi of Asu, Leasina County, American Samoa, Defendants,* No. 60-1961, be and the same is hereby affirmed.

Costs in the sum of $4.26 are hereby assessed against Lualemana and Leasiolagi, each of them to pay $2.13 within two weeks.